In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-23-00320-CV

GULF COAST PROS, LLC, Appellant

V.

MONICA SWEENEY, MICHAEL SWEENEY, AND
KATIE SWEENEY-SCOTT, Appellees

_____

**On Appeal from the County Court at Law No. 6**
**Montgomery County, Texas**
**Trial Cause No. 23-04-05901-CV**

_____

## MEMORANDUM OPINION

In this accelerated appeal, Appellant/Cross-Appellee Gulf Coast Pros, LLC ("GCP" or "Plaintiff") appeals the trial court's final judgment granting Appellees/Cross-Appellants Monica Sweeney ("Monica"), Michael Sweeney ("Michael"), and Katie Sweeney-Scott's ("Katie") (collectively "the Sweeneys" or "Defendants") Texas Citizen's Participation Act ("TCPA") motion to dismiss a claim for breaching the non-disparagement and confidentiality terms of the parties'

1

settlement agreement, and the Sweeneys cross appeal from the trial court's denial of their request for attorney's fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.008(b) (an appeal from order on a TCPA motion to dismiss is an accelerated appeal); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001-27.011 (the TCPA).[1] As explained below, we affirm the trial court's judgment.

The TCPA Motions to Dismiss Under the TCPA

The TCPA provides that a party may file a motion to dismiss a legal action if it is "based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association or arises from any act of that party in furtherance of the party's communication or conduct described by Section 27.010(b)[.]" Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). Section 27.005 of the TCPA provides as follows, in relevant part:

> (b) Except as provided by Subsection (c), on the motion of a party under Section 27.003, a court shall dismiss a legal action against the moving party if the moving party demonstrates that the legal action is based on or is in response to:
>      (1) the party's exercise of:
>           (A) the right of free speech;
>           (B) the right to petition; or
>           (C) the right of association; or
>      (2) the act of a party described by Section 27.010(b).

---

[1] The legislature enacted the TCPA "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code Ann. § 27.002.

(c) The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.

(d) Notwithstanding the provisions of Subsection (c), the court shall dismiss a legal action against the moving party if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law.

*Id.* at § 27.005(b)-(d).

Standard of Review

We review a trial court's ruling on a TCPA motion to dismiss under a de novo standard of review. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45-46 (Tex. 2021). Our de novo review includes a review to determine whether the parties met their burdens of proof under the TCPA and whether a nonmovant has presented clear and specific evidence establishing a prima facie case for each essential element of the challenged claims. *See id.* We consider the pleadings and affidavits stating the allegations upon which the claim or defense is based in the light most favorable to the nonmovant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a); *In re Lipsky*, 460 S.W.3d 579, 586-87 (Tex. 2015); *Push Start Indus., LLC v. Hous. Gulf Energy Corp.*, No. 09-19-00290-CV, 2020 Tex. App. LEXIS 9337, at *6 (Tex. App.—Beaumont Nov. 30, 2020, no pet.) (mem. op.) (citations omitted). We consider evidence a court could consider under Rule 166a of the Texas Rules of Civil Procedure. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a).

3

Three-Step Process Under the TCPA

The TCPA provides a three-step process courts must follow in deciding whether to dismiss a "legal action" to which the TCPA applies. *Montelongo v. Abrea*, 622 S.W.3d 290, 295-96 (Tex. 2021). First, the defendant who has moved to dismiss must demonstrate that the plaintiff's claim "is based on or is in response to [the movant]'s exercise of the right of free speech, right to petition, or right of association or arises from any act of [the movant] in the furtherance of [the movant]'s communication or conduct described by Section 27.010(b)." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b) (internal formatting omitted); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.010(b).

Next, if the defendant meets its burden, the burden shifts to the plaintiff to "'establish[] by clear and specific evidence a prima facie case for each essential element of the claim in question.'" *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 899 (Tex. 2017) (quoting Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c)); *see also Montelongo*, 622 S.W.3d at 296. Finally, if the plaintiff makes this showing, the court will dismiss the action if the defendant "establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d); *Montelongo*, 622 S.W.3d at 296. Prima facie means "at first sight," and under the TCPA, a prima facie case is the "minimum quantum of evidence necessary to

4

support a rational inference that the allegation of fact is true." *USA Lending Grp., Inc. v. Winstead PC*, 669 S.W.3d 195, 200 (Tex. 2023) (citing *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018); *Prima facie*, Garner's Dictionary of Legal Usage (3d ed. 2011)). Evidence is "clear and specific" if it provides enough detail to show the factual basis for the claim. *Id.* (citing *In re Lipsky*, 460 S.W.3d at 590-91). Such evidence need not be conclusive, uncontroverted, or found credible. *Id.* (citing *In re Lipsky*, 460 S.W.3d at 590).

On the third step of the analysis, we examine whether the defendants have established that they are entitled to judgment as a matter of law on their affirmative defenses. *See Rogers v. Bryan*, No. 09-21-00338-CV, 2023 Tex. App. LEXIS 505, at *49 (Tex. App.—Beaumont Jan. 26, 2023, no pet.) (mem. op.). When determining whether a party who seeks to dismiss the plaintiff's case under the TCPA has met its burden on this third step, we apply a standard of review essentially equivalent to a motion for summary judgment on an affirmative defense. *Id.*; *H-E-B, L.P. v. Maverick Int'l, Ltd.*, No. 09-21-00311-CV, 2022 Tex App. LEXIS 7428, at *10 (Tex. App.—Beaumont Oct. 6, 2022, pet. granted, judgm't vacated w.r.m.) (mem. op.).[2]

---

[2] *See also Rockman v. Ob Hospitalist Grp., Inc.*, No. 01-21-00383-CV, 2023 Tex. App. LEXIS 3055, at *38 (Tex. App.—Houston [1st Dist.] May 9, 2023, no pet.) (mem. op.) (citing *Zidan v. Zidan*, No. 05-20-00786-CV, 2022 Tex. App. LEXIS 8744, at *11 (Tex. App.—Dallas Nov. 30, 2022, no pet.) (mem. op.); *Rosales v. Comm'n for Lawyer Discipline*, No. 03-18-00725-CV, 2020 Tex. App. LEXIS 3350, at **9-10 (Tex. App.—Austin Apr. 22, 2020, no pet.) (mem. op.); *Batra v. Covenant Health Sys.*, 562 S.W.3d 696, 708 (Tex. App.—Amarillo 2018, pet.

## Background

### GCP's Claims against the Sweeneys

In April of 2023, GCP filed an Original Petition against the Sweeneys asserting causes of action for breach of contract against Monica and Michael, tortious interference with existing contract against Katie, civil conspiracy against all Defendants, a claim for declaratory judgment under the Uniform Declaratory Judgment Act, and attorney's fees. In August of 2023, after the Sweeneys had filed their TCPA Motion to Dismiss and after the claims against Katie were non-suited without prejudice,[3] GCP filed its First Amended Petition (hereinafter "the petition") against Monica and Michael for breach of contract, declaratory judgment, and attorney's fees.[4] According to the petition, Monica and Michael breached the Confidential Settlement and Mutual Release Agreement (hereinafter "the Agreement") that they entered into with GCP as a result of a dispute over a construction agreement (hereinafter "the underlying dispute").[5] The petition

___

denied)); *Graves v. Evangelista-Ysasaga*, No. 14-22-00137-CV, 2023 Tex. App. LEXIS 399, at **14-16 (Tex. App.—Houston [14th Dist.] Jan. 24, 2023, pet. denied) (mem. op.) (defendant failed to prove they were entitled to judgment as a matter of law where a fact issue existed on defendant's affirmative defense).

[3] GCP filed a motion to nonsuit its claims against Katie without prejudice, and the trial court signed an order granting the motion.

[4] GCP's First Amended Petition was the live pleading at the time the trial court granted the Sweeneys' TCPA motion to dismiss, and we refer to it as "the petition" herein.

[5] According to the Defendants, Michael and Monica hired GCP to perform remodeling work on their home, they were dissatisfied with results of GCP's goods

referenced the following exhibits previously filed with and attached to the Original Petition, and incorporated them into the new petition:

Exhibit A     Confidential Settlement and Mutual Release Agreement;

Exhibit B     Monica Sweeney and Katie Sweeney-Scott's May 16, 2023 comments on social media concerning Plaintiff;

Exhibit C     Monica Sweeney and Katie Sweeney-Scott's May 29, 2023 comments on social media concerning Plaintiff;

Exhibit D     Monica Sweeney and Katie Sweeney-Scott's June 10, 2023 comments on social media concerning Plaintiff, and;

Exhibit E     Affidavit of Lacy Gigout and text message attached thereto.

The petition alleged that Michael and Monica each signed the Agreement and agreed to be jointly and severally bound by the Agreement. According to GCP, as part of the resolution of the underlying dispute, the parties mutually agreed in the Agreement to a "mutual walk-away; mutual release; [] and confidentiality and non-disparagement."[6] Paragraph 4 of the Agreement states:

> 4. CONFIDENTIALITY AND NON-DISPARAGEMENT: IN FURTHER CONSIDERATION OF THE AGREEMENTS, PROMISES AND MUTUAL RELEASES SET FORTH HEREIN, THE PARTIES AGREE TO KEEP THE TERMS AND CONDITIONS OF THIS AGREEMENT CONFIDENTIAL AND NOT TO DISCLOSE THE TERMS AND CONDITIONS OF THIS

and services, and a dispute arose relating to payment for the work. The dispute resulted in litigation which was resolved at mediation when GCP and Michael and Monica entered into the Agreement disposing of and releasing all claims by and between the parties.

[6] Internal formatting omitted.

7

AGREEMENT OR COPIES OF THIS AGREEMENT TO ANY THIRD-PARTY WHATSOEVER, UNLESS FIRST RECEIVING THE WRITTEN PERMISSION OF THE OTHER PARTY TO THIS AGREEMENT OR BEING FORCED TO DO SO BY COURT ORDER OR AS REQUIRED BY APPLICABLE LAW OR FOR ENFORCEMENT PURPOSES. THIS PROVISION SHALL NOT BE INTERPRETED TO PROHIBIT THE PARTIES FROM DISCLOSING THE TERMS AND CONDITIONS OF THIS AGREEMENT OR PROVIDING A COPY OF THIS AGREEMENT TO THEIR ATTORNEYS, ACCOUNTANTS, OR AFFILIATED COMPANIES AS REASONABLY NECESSARY.

ADDITIONALLY, THE PARTIES SHALL NOT MAKE ANY NEGATIVE STATEMENTS OR COMMENTS, WRITTEN OR ORAL, ABOUT ONE ANOTHER, INCLUDING, WITHOUT LIMITATION [ABOUT] ONE ANOTHER'S BUSINESSES OR EMPLOYMENT, TO ANY THIRD PARTY IN ANY PUBLIC OR PRIVATE FORUM, INCLUDING, WITHOUT LIMITATION ANY ONLINE CONSUMER RATINGS SERVICE AND ALSO INCLUDING ANY SOCIAL MEDIA, WITH REGARD TO THE CIRCUMSTANCES SURROUNDING OR GIVING RISE TO THE WORK, PROPERTY, PROJECT, AND DISPUTE. THE PARTIES AGREE TO REMOVE ANY WRITTEN NEGATIVE STATEMENTS, COMMENTS OR RATINGS POSTED OR SUBMITTED TO ANY ONLINE CONSUMER RATINGS SERVICE, ANY SOCIAL MEDIA AND OTHER PUBLIC FORUMS THAT WERE WRITTEN OR POSTED PRIOR TO OR AFTER THE DATE OF THIS AGREEMENT AS THEY RELATE TO THE CIRCUMSTANCES SURROUNDING OR GIVING RISE TO THE WORK, PROPERTY, PROJECT AND DISPUTE. THE PARTIES' FAILURE TO COMPLY WITH THIS PROVISION SHALL BE DEEMED A MATERIAL BREACH OF THIS AGREEMENT.

The petition alleges that paragraph 4 of the Agreement requires Michael and Monica to keep the terms and conditions of the Agreement confidential; not disclose the terms and conditions of the Agreement to any third party; not make any negative statement or comments, written or oral, about GCP to any third party in any public

8

or private forum, including social media, regarding the underlying dispute; and remove any written negative statements, comments or ratings posted or submitted to any social media and other public forums that were written or posted prior to or after the date of the Agreement as they relate to the circumstances surrounding or giving rise to the underlying dispute. According to the petition, after the Agreement was executed, Michael or Monica breached paragraph 4 of the Agreement as follows:

a. On May 16, 2022, Deanna Wesner, a member of a Facebook group titled Imperial Oaks Residents, posted to her community Facebook group looking for recommendations for a contractor for a bathroom remodel. Defendant Monica commented recommending another local company; however, her post painted Plaintiff in a negative light. Her comment, attached and included as Exhibit B, stated "South Texas Home Works. I strongly recommend this company. They are extremely professional and honest. Not all companies in this area are trust[]worth[y]. Be extremely careful. Get everything in writing. And I mean everything!!! Make sure you know what material cost is and labor before they start. We have [gone] through a nightmare with a local company. Now have everything fixed b[y] true professional."

b. Additionally, several of the comments on that post thread recommending Gulf Coast Pros were flagged with the "angry" emoji by Katie Sweeney-Scott, Michael Sweeney and Monica Sweeney's daughter.

c. On May 29, 2022, Defendant Monica made a post in the community Facebook group titled Imperial Oaks Residents. The post, which included a photo of a piece of cabinetry that Plaintiff installed, had the caption, "We are finally getting our kitchen fixed by professionals. {emoji} would anyone like this piece of {emoji} that our previous contractor installed?"

d. When comments naturally followed asking who constructed the cabinetry, Defendant Monica Sweeney responded saying, "well legally I can't say. Which makes me sick. Unfortunately the way

9

the legal system works, they are free to continue to do this to others."

e. Later on in the comments chain, Defendant Monica Sweeney states, "unfortunately it was part of the settlement. Trust me I wish I could say the name of the company. I could just post the pictures of their work and the report done by a licensed inspector and let his work speak for it[]self. But because that was written in the disclosure, legally I can not." The full post and all comments are incorporated herein as Exhibit C.

f. Plaintiff's name was later mentioned in the same comment chain by an Aaron Richards, who stated "Guys a quick group look and it's Gulf Coast pros. . . . heard bad things myself. Not sure why they are allowed to promote here, they don't live in [Imperial Oaks]."

g. Because Defendant Monica Sweeney failed to delete her previous posts in accordance with the signed settlement Agreement, Plaintiff's name was once again made public due to Defendant Monica Sweeney's social media posts and in connection with negative comments.

h. On June 10, 2022, Defendant Monica Sweeney once again went to social media and disparaged Plaintiff's business in the Imperial Oaks Residents Facebook group.

i. Defendant Monica Sweeney made a post of her own on the group's page complaining about the work of her prior contractor, which was Gulf Coast Pros, LLC. She also failed to delete previous Facebook posts within the group referencing Plaintiff.

j. Defendant Monica Sweeney continuously made comments on the thread about the[re] being an agreement and that she couldn't speak on the matter, yet she continued to do exactly that throughout the thread and likely through direct messages. Screenshots or exact duplicates of the original post and related comments are included herein as Exhibit D.

[] Michael Sweeney and/or Monica Sweeney's disclosure of the terms of the Agreement to her daughter, Katie Sweeney-Scott, is also a breach of the Agreement as it is a disclosure of the terms of the Agreement to a third-party, which is prohibited by the Agreement. The Facebook quotes and comments from Defendant's daughter supports that the terms of the agreement were disclosed to the daughter.

[] Thus, Michael Sweeney and/or Monica Sweeney breached Paragraph 4 of The Agreement by:

a. Disclosing the terms and conditions of the Agreement to a third party, i.e., their daughter;
b. Making negative and disparaging remarks about Plaintiff after signing the Agreement[;]
c. Failing to delete previous negative remarks from Monica Sweeney's Facebook profile and/or the Imperial Oaks Facebook Group; and
d. Referencing the agreement on a public forum.

GCP alleged that, as a result of the Sweeneys' breach of the Agreement, GCP sustained damages to its reputation and loss of business. GCP also sought a declaratory judgment determining GCP's rights under the Agreement and "declaring and adjudicating and that Michael Sweeney and/or Monica Sweeney violated the Agreement and that Michael Sweeney and Monica Sweeney have a duty to indemnify Plaintiff for damages caused to Plaintiff." GCP also asserted that the language in paragraph 4 of the Agreement allows the parties to disclose the Agreement in order to enforce the Agreement.

The Sweeneys' Answer and Counterclaim

The Sweeneys filed their Answer generally denying the allegations in GCP's petition and asserting the defenses of res judicata, collateral estoppel, prior breach, excuse of performance, and alleging that all statements at issue are true, not defamatory, and are privileged and constitute protected speech under the First Amendment. The Sweeneys also asserted a counterclaim for breach of contract, alleging that GCP failed to perform its obligations under the Agreement by

11

disclosing the terms of the Agreement to the public by filing it as an exhibit to GCP's petition and by breaching the covenant not to sue.

The Sweeneys' TCPA Motion to Dismiss

The Sweeneys filed a TCPA Motion to Dismiss, arguing that GCP's lawsuit should be dismissed under section 27.005 of the TCPA for the following reasons:

- GCP's lawsuit is based on and in response to the exercise of the right to free speech because the alleged statements are communications made in connection with a matter of public concern as defined by the TCPA;

- GCP's lawsuit is based on and in response to the act of posting a consumer review of GCP's business, which is explicitly protected by Section 27.010(b)(2) of the TCPA; and,

- GCP cannot establish by clear and specific evidence a prima facie case for each essential element of its claims for breach of contract, civil conspiracy, tortious interference and declaratory judgment.

The Sweeneys argue that they "met their burden under Sections 27.005(b)(1)(A) and 27.005(b)(2) of the TCPA, and GCP cannot meet its burden under TCPA Section 27.005(c)."

Specifically, the Sweeneys argue in their motion that to the extent, if any, that Monica's or Katie's posted comments to the Imperial Oaks Residents Facebook Page could be construed to identify GCP, those comments constitute "communications" under the TCPA because they were submitted in electronic form and were made in connection with a "matter of public concern" because they related to a company selling and performing home remodeling services within the local

12

community and constitute discussion and opinion of the quality of GCP's services. According to the Sweeneys, the comments at issue here are comments about the quality of a business's goods or services that are protected by the TCPA and fall under section 27.010(b)(2) because they constitute "the communication . . . [or] posting" of "consumer opinions or commentary" and "reviews or ratings of [a] business[]."

The Sweeneys also argue in their motion that GCP cannot establish a prima facie case for its causes of action. According to the Sweeneys, there is no clear and specific evidence that Michael or Monica disclosed the "terms and conditions" of the Agreement or that Michael or Monica caused any damage to GCP as a result of the alleged disclosure of the "terms and conditions" of the Agreement. The Sweeneys argue that Monica, Michael, and Katie all three stated in their affidavits that neither Monica nor Michael disclosed the terms and conditions of the Agreement to Katie and that they did not allow Katie to read the Agreement. In support of this, the Sweeneys attached as evidence sworn affidavits of Monica, Michael, and Katie. To the extent the breach of contract claim is directed at Katie or her alleged conduct, the Sweeneys argue that Katie was not a party to the Agreement and that because she was not, she was not bound by the Agreement. They also argue that there is no clear and specific evidence of civil conspiracy or evidence that Katie

tortiously interfered with an existing contract.[7] As for GCP's declaratory judgment claim, the Sweeneys argue in their motion to dismiss that the declaratory judgment claim is merely a recasting of the breach of contract claim and, for the reasons outlined above, there is no clear and specific evidence to support GCP's allegations. The Sweeneys also alleged in their motion that section 27.009(a)(1) of the Texas Civil Practice and Remedies Code requires the trial court to award them their costs and attorney's fees if the motion to dismiss is granted, and the Sweeneys assert that they "will submit a fee application showing their costs and attorneys' fees within seven (7) days of an Order dismissing GCP's claims in this case."

GCP's Response to the TCPA Motion to Dismiss

GCP filed a Response to the TCPA Motion to Dismiss and incorporated by reference the exhibits attached to its Original Petition. GCP argues in its Response that its legal action against the Sweeneys is exempt from the TCPA under section 27.010(a)(5)(B). According to GCP's Response, the Sweeneys have failed to demonstrate that GCP's lawsuit is based on or in response to the Sweeneys' exercise of the right of association, right of free speech, or right to petition, and that the communications at issue were not free speech but were instead "private communications between private parties that affected their private, pecuniary

---

[7] Because GCP's nonsuited its claims against Katie after the Sweeneys filed their TCPA Motion to Dismiss, the motion survives the nonsuit. *See Walker v. Hartman*, 516 S.W.3d 71, 80 (Tex. App.—Beaumont 2017, pet. denied).

interests." GCP also argues that (1) it has established by clear and specific evidence a prima facie case for each essential element of its breach of contract claim because the petition sets forth facts providing clear and specific evidence of breach of contract, and (2) GCP has established by clear and specific evidence a prima facie case for each essential element of its declaratory judgment claim because its petition included the following statement:

> There is a genuine and bona fide dispute and an actual controversy and disagreement between Plaintiff and Michael Sweeney and Monica Sweeney regarding whether Michael Sweeney and/or Monica Sweeney violated the terms of the Agreement and whether Michael Sweeney and Monica Sweeney have a duty to indemnify Plaintiff for the damages caused to Plaintiff.

As for clear and specific evidence of its claims for civil conspiracy and tortious interference, GCP "refers to the facts set forth in [the] Original Petition[.]" GCP alleges that the Sweeneys have presented no affirmative defense or other grounds on which they are entitled to judgment as a matter of law. GCP also asserts that the Sweeneys contractually agreed to limit their rights to make comments to third parties about GCP, the Sweeneys' motion to dismiss is frivolous, and GCP is entitled to attorney's fees.

The Sweeneys' Reply to GCP's Response to the TCPA Motion to Dismiss

In the Sweeneys' Reply, they object to certain evidence attached to GCP's Original Petition. The Sweeneys also argue that GCP's suit is not exempt from the TCPA because here there is no "independent contractor" relationship as

contemplated by section 27.0101(a)(5)(B); any alleged preexisting remarks that GCP alleged the Sweeneys failed to delete were not subject to the non-disparagement provision because they were made prior to the Agreement; all of the statements made by Monica referenced in GCP's petition were nothing more than references to the existence of the Agreement and not the Agreement's terms and conditions; and that even if Monica and Michael had informed Katie that the Agreement provides that they cannot make disparaging remarks about GCP, that would not be a disparaging statement.

The Sweeneys argue in their Reply that all of the statements were consumer opinions for which section 27.010(b)(2) provides protection by the TCPA. The Sweeneys assert that a nonmovant must submit evidence that goes beyond its pleadings, and because GCP failed to authenticate the evidence that was filed in the case by filing affidavits to do so, there is no evidence in the record to support its position.

The Sweeneys argue that Monica's, Michael's, and Katie's affidavits attached to the motion to dismiss establish their affirmative defense of prior breach and excuse of performance by GCP, and that the basis for that affirmative defense is the same as the Sweeneys' counterclaim—that neither Monica or Michael ever disclosed the terms and conditions of the Agreement to Katie or let her see the Agreement, and that GCP breached the Agreement by disclosing all of its terms and conditions when

16

it filed the Agreement in the public record as an exhibit to its Original Petition. The Sweeneys assert that they provided statutes, caselaw, and evidence to support their motion to dismiss the contract claim, and the fact that the trial court is required to grant the TCPA motion to dismiss at the very least as it relates to the dismissal of Katie and the nonsuit of the civil conspiracy and tortious interference claims[8] supports their position that the motion to dismiss is not frivolous. The Sweeneys attached to their Reply an Attorney's Fees Affidavit by defense counsel stating the following, in relevant part:

> [] The fee for the services performed to date in connection with the services rendered to date, plus services to prepare and file replies to GCP's response to motion for attorney's fees and motion for summary judgment on the counterclaim, results in a reasonable attorney's fee in the sum of $12,937.00 relevant to the handling of the matters relating to the defense of the legal action on behalf of Defendants.
> [] In addition to the above, [the] Sweeney[s] will reasonably incur necessary attorneys' fees as follows, should GCP file a Motion for New Trial or Appeal, and for Writ of Error:
> a. Response to successful appeal $20,000.00
> b. Making or responding to unsuccessful Application for Writ of Error $20,000.00
> c. Legal Services Associated with Application for Writ of Error $20,000.00

---

[8] In its Response, which was filed before its First Amended Petition, GCP noted that "it is filing a First Amended Petition contemporaneously herewith dismissing Katie Sweeney-Scott as a defendant and dismissing the causes of action for conspiracy and tortious interference with an existing contract."

GCP's Sur-reply to the Sweeneys' Reply to GCP's Response to the TCPA Motion to Dismiss

In its Sur-reply, GCP responded to the Sweeneys' evidentiary objections, argued that their nonsuit of Katie "does not create an automatic award of attorney's fees[,]" and re-urged arguments it made in its Response.

Order Granting the Sweeneys' TCPA Motion to Dismiss

On September 18, 2023, the trial court signed an Order Granting Defendants' Motion to Dismiss Under Texas Citizens Participation Act. As to Monica and Michael, the trial court dismissed all causes of action alleged in GCP's petition with prejudice and entered a take-nothing judgment in favor of Monica and Michael. As to the claims against Katie, the Order noted that although the trial court granted GCP's Motion for Nonsuit without Prejudice, the trial court found that Katie "was still entitled to be heard on the anti-SLAPP motion because the motion sought dismissal of all the claims with prejudice against all Defendants[.]"[9] The Order granting the Sweeneys' TCPA motion to dismiss dismissed GCP's claims against Katie with prejudice, "effectively setting aside the Order for Nonsuit signed by the court on August 11, 2023," and the trial court entered a take-nothing judgment in favor of Katie. The trial court denied the Sweeneys' request for attorney's fees and

---

[9] The TCPA "is sometimes referred to as an anti-SLAPP law—the acronym standing for strategic lawsuit against public participation." *KBMT Operating Co., LLC v. Toledo*, 492 S.W.3d 710, 713 n.6 (Tex. 2016).

18

concluded that the Sweeneys failed to prove reasonableness and necessity of attorney's fees incurred in defending the case because the affidavit "provided generalities about hours spent and nature of attorney's work without evidence of time spent on specific tasks, and therefore, the affidavit was insufficient to support attorney-fees award."

The Sweeneys' Motion for Reconsideration of Order Denying Attorney's Fees

The Sweeneys filed a Motion for Reconsideration of Order Denying Attorney's Fees, arguing that "[a] successful movant under the TCPA is not required to establish the amount of fees using the Lodestar Method, the *Arthur Anderson* factors or even comply with Texas Civil Practice & Remedies Code § 18.001[,]" and that "[a] successful TCPA movant is also entitled to a conditional award of appellate attorney's fees in connection with any order that may be appealed." The Sweeneys also argued that "courts may consider attorney's fees evidence after the hearing on a TCPA motion to dismiss, even outside of the 30-day period after which a court's plenary power traditionally expires[,]" that the additional evidence attached as exhibits to the Motion for Reconsideration "is sufficient to support the mandatory award of attorney's fees required by the TCPA, in the amount of $15,225 as of the date of the filing of this motion[,]" and that the fees were both necessary and reasonable.

19

GCP's Notice of Appeal and the Sweeneys' Notice of Cross-Appeal

On October 6, 2023, GCP filed its Notice of Appeal of the Order granting the Sweeneys' TCPA Motion to Dismiss. That same day, the Sweeneys filed their Cross-Notice of Appeal stating that their Motion for Reconsideration of Order Denying Attorney's Fees was set for submission for October 13, 2023, after the deadline for filing an accelerated appeal under the TCPA has expired, and that they were filing their Cross-Notice of Appeal out of abundance of caution despite their belief that the trial court retains jurisdiction to rule on the Motion for Reconsideration. After the trial court denied the Sweeney's Motion for Reconsideration of Order Denying Attorney's Fees on October 19, 2023, the Sweeneys filed an amended notice of cross appeal with this Court.

Issues on Appeal

In issue one, GCP argues that the trial court erred by granting the Sweeneys' TCPA Motion to Dismiss because the Sweeneys failed to establish by a preponderance of the evidence that GCP's claims fell within the TCPA's protection. In issue two, GCP argues the trial court erred by granting the Sweeneys' TCPA Motion to Dismiss because GCP's claims are exempt. In issue three, GCP argues it provided prima facie evidence of each element of its causes of action, and the Sweeneys did not establish a meritorious defense as a matter of law. On cross appeal, the Sweeneys argue that the trial court erred in denying their motion for attorney's

20

fees and motion for reconsideration of the denial of its first request for attorney's fees.

Did Appellees Demonstrate that the TCPA Applies?

In its first appellate issue, GCP argues that the trial court erred in granting the Sweeneys' TCPA Motion to Dismiss because the Sweeneys failed to establish by a preponderance of the evidence that their claims fell within the TCPA's protection. GCP argues that, by virtue of the Agreement's confidentiality and non-disparagement clauses, the Sweeneys contracted away any right they had to speak freely regarding GCP. GCP also argues that the Sweeneys alleged in their TCPA Motion to Dismiss that GCP's lawsuit implicated only the Sweeneys' right to free speech and that the Sweeneys' comments were not made in relation to a matter of public concern. GCP further argues that the Sweeneys' cannot assert that section 27.010(b)(2) protects their statements because that subsection only protects consumer statements in the situations enumerated in section 27.010(a)(2), (7), and (12).

We first address GCP's argument that in the Agreement the Sweeneys contracted away any right they had to speak freely about GCP. In support of its argument, GCP cites to *Cohen v. Cowles Media Co.*, 501 U.S. 663, 671 (1991), for the proposition that although the First Amendment protects an individual's right to free speech, that right can be contracted away, which GCP contends is what the

21

Sweeneys did when they entered into the Settlement Agreement. We note that *Cohen* did not involve anti-SLAPP claims and GCP has cited no authority to support that whether a movant contracted away a constitutional right must be considered under the first step of the TCPA analysis, and we agree with our sister courts that have determined that whether a movant contractually limited his or her constitutional rights is *not* a consideration under the first step of the TCPA analysis. *See, e.g.*, *HDG, Ltd. v. Blaschke*, No. 14-18-01017-CV, 2020 Tex. App. LEXIS 2989, at *10 (Tex. App.—Houston [14th Dist.] Apr. 9, 2020, no pet.) (mem. op.); *Mesquite Servs., LLC v. Standard E&S, LLC*, 610 S.W.3d 548, 559 (Tex. App.—Amarillo 2020, pet. denied); *Morgan v. Clements Fluids S. Tex., Ltd.*, 589 S.W.3d 177, 185 (Tex. App.—Tyler 2018, no pet.); *Elliott v. S&S Emergency Training Sols., Inc.*, 559 S.W.3d 568, 574 (Tex. App.—Dallas 2017), *rev'd on other grounds*, 564 S.W.3d 843, 850 (Tex. 2018).

The Sweeneys' TCPA Motion to Dismiss asserted protection by the TCPA on two grounds: (1) that "GCP's lawsuit is based on and in response to the exercise of the right to free speech because the alleged statements are communications made in connection with a matter of public concern as defined by the TCPA;" and (2) "GCP's lawsuit is based on and in response to the act of posting a consumer review of GCP's business, which is explicitly protected by Section 27.010(b)(2) of the TCPA[.]" We also note that the most recent version of section 27.003(b), which applies here, no

longer includes the "preponderance of the evidence" burden of proof for the first step of the TCPA analysis but instead requires the court to grant a TCPA motion to dismiss "if the moving party demonstrates that the legal action is based on or is in response to [the movant]'s exercise of the right of free speech, right to petition, or right of association or arises from any act of [the movant] in the furtherance of [the movant]'s communication or conduct described by Section 27.010(b)." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b) (internal formatting omitted).

Section 27.010(a) describes actions exempt from the TCPA, including:

> (2) a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or an insurance product, insurance services, or a commercial transaction in which the intended audience is an actual or potential buyer or customer;
> . . . .
> (7) a legal action brought under Chapter 17, Business & Commerce Code, other than an action governed by Section 17.49(a) of that chapter;
> . . . .
> (12) a legal action based on a common law fraud claim[.]

*Id.* § 27.010(a).

That said, subsection (b)(2) of section 27.010 provides the following, in relevant part:

> (b) Notwithstanding Subsections (a)(2), (7), and (12), this chapter applies to:
> . . . .
> (2) a legal action against a person related to the communication, gathering, receiving, posting, or processing of consumer

> opinions or commentary, evaluations of consumer complaints, or
> reviews or ratings of businesses.

*Id.* § 27.010(b)(2).

GCP argues that section 27.010(b)(2) does not apply here, and that the TCPA simply does not apply to this case because this case does not fit within any of the situations enumerated in subsections (a)(2), (7), and (12) of section 27.010. We review questions of statutory construction de novo. *In re Lee*, 411 S.W.3d 445, 450-51 (Tex. 2013). Our fundamental objective in interpreting a statute is "'to determine and give effect to the Legislature's intent.'" *Id.* at 451 (quoting *Am. Zurich Ins. Co. v. Samudio*, 370 S.W.3d 363, 368 (Tex. 2012)).

The word "notwithstanding" is not expressly defined in the TCPA. However, in its common usage, "notwithstanding" is defined as "despite" or "in spite of." Black's Law Dictionary 1231 (10th ed. 2014); *see Tier 1 Res. Partners v. Del. Basin Res. LLC*, 633 S.W.3d 730, 740 (Tex. App.—El Paso 2021, pet. dism'd); *In re Miller*, 133 S.W.3d 816, 818 (Tex. App.—Beaumont 2004, orig. proceeding); *State v. Pub. Util. Comm'n*, 110 S.W.3d 580, 586 (Tex. App.—Austin 2003, no pet.). The use of the word "notwithstanding" indicates a legislative intention that the provision using the term should control over other provisions. *In re Lee*, 411 S.W.3d at 454 (Texas Family Code section 153.0071(e) mandates entry of judgment "notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law[]" and, therefore, "[t]he use of the word 'notwithstanding' indicates that the Legislature

24

intended section 153.0071 to be controlling[]"); *Molinet v. Kimbrell*, 356 S.W.3d 407, 413-14 (Tex. 2011) (a "notwithstanding any other law" provision evidenced clear legislative intent to resolve any interpretation conflicts in favor of the statute containing the provision).

We construe section 27.010(b)(2) to mean that despite the exemptions outlined in (a)(2), (7), and (12), the TCPA applies to any legal action against a person when that legal action is related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses in all situations unless another exemption enumerated in section 27.010(a) other than those in subsections (a)(2), (7), and (12) applies. This interpretation is supported by cases from this Court and our sister courts that have concluded the TCPA applied under section 27.010(b)(2) without reference to whether the situations in section 27.010(a)(2), (7), and (12) applied or that the non-movant alleged that any of those exemptions applied. *See Pate v. Haven at Thorpe Lane, LLC*, 681 S.W.3d 476, 489 (Tex. App.—Austin 2023, pet. filed) (citing to sections 27.005(b)(2) and 27.010(b)(2) and concluding that the TCPA movants demonstrated that the TCPA non-movant's legal action was "based on or in response to" the TCPA movants' "communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses[]"); *Gage v. Hah*, No. 09-

25

22-00417-CV, 2023 Tex. App. LEXIS 6039, at **16-17 (Tex. App—Beaumont Aug. 10, 2023, no pet.) (mem. op.) (citing 27.010(b)(2) and concluding that the TCPA applies to the TCPA nonmovant's legal action against the TCPA movant as it was related to the "posting . . . of consumer opinions or commentary[]"); *Melton v. Hah*, No. 09-22-00418-CV, 2023 Tex. App. LEXIS 6040, at **18-19 (Tex. App—Beaumont Aug. 10, 2023, no pet.) (mem. op.) (same); *Robinson v. Hah*, No. 09-22-00414-CV, 2023 Tex. App. LEXIS 6043, at **18-19 (Tex. App—Beaumont Aug. 10, 2023, no pet.) (mem. op.) (same); *Chesson v. Hah*, No. 09-22-00416-CV, 2023 Tex. App. LEXIS 6053, at **18-19 (Tex. App—Beaumont Aug. 10, 2023, no pet.) (mem. op.) (same); *Maggret v. Ramsey's Rods & Restoration*, No. 02-20-00395-CV, 2021 Tex. App. LEXIS 4361, at **5-6 (Tex. App.—Fort Worth June 3, 2021, no pet.) (mem. op) (citing to section 27.010(b)(2) for the proposition that "The [TCPA movants] will have established their initial burden [under the TCPA] if they show that [the non-movant]'s suit is based on an act described in Section 27.010(b), which includes communicating or posting consumer opinions or ratings and reviews of businesses[,]" and also concluding that "[i]n each of these statements [made by the TCPA movant], a consumer critically evaluated her experience with a business and assessed the faults in its services [and] [t]hese statements represent acts—posting consumer opinions or reviews of a business—that are protected by Section 27.010(b)[]"). If the legislature intended for section 27.010(b)(2) to only protect

26

consumers in the situations enumerated in subsections (a)(2), (7), and (12) of section 27.010, it would have included that limiting language. Instead, the legislature included the language in a separate subsection enumerating instances to which "this chapter applies[.]" We conclude that the TCPA applies here because GCP's lawsuit against the Sweeneys is "a legal action . . . related to the . . . posting [] of consumer opinions or commentary, . . . or reviews or ratings of businesses." *See* Tex. Civ. Prac. & Rem. Code § 27.010(b)(2). We overrule issue one.

<u>Are Appellant's Claims Exempt from the TCPA?</u>

In its second issue, GCP argues that the trial court erred in granting the Sweeneys' TCPA Motion to Dismiss because GCP's claims are exempt from the TCPA under section 27.010(a)(5), and that the Sweeneys incorrectly argued that section 27.010(b)(2) applies. We have already determined that section 27.010(b)(2) applies, so we turn to GCP's contention that it is exempt from the TCPA under section 27.010(a)(5).

Section 27.010(a)(5) exempts from the TCPA "a legal action arising from an officer-director, employee-employer, or independent contractor relationship that: (A) seeks recovery for misappropriation of trade secrets or corporate opportunities; or (B) seeks to enforce a non-disparagement agreement or a covenant not to compete[.]" Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(5). GCP argues under section 27.010(a)(5), "[s]uits to enforce non-disparagement clauses arising from

independent contractor relationships are exempt from the TCPA." According to GCP, this exemption should apply here because (1) the facts that the Agreement defines GCP as "Contractor" and that GCP was contracted by Michael and Monica to perform construction on their home creates an independent contractor relationship, and (2) the dispute plainly arises from the parties' independent contractor relationship. The Sweeneys argue that the exemption in section 27.010(a)(5) does not apply because the intent of the statute is not to apply in the context of a home remodeling contractor rendering services to its customer.

GCP cites *H-E-B, L.P. v. Maverick Int'l, Ltd.*, No. 09-21-00311-CV, 2022 Tex. App. LEXIS 7428 (Tex. App.—Beaumont Oct. 6, 2022, pet. granted, judgm't vacated w.r.m.) (mem. op.), and *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263 (Tex. App.—Tyler 2021, pet. denied). *H-E-B, L.P.* involved an exemption under section 27.010(a)(2) and not the exemption under section 27.010(a)(5). 2022 Tex. App. LEXIS 7428, at **11-21. In *Baylor Scott & White*, the Tyler Court of Appeals determined that the Appellee's unfair competition, common law misappropriation, and misappropriation of trade secret causes of action against Appellant were within the exemption in section 27.010(a)(5). 633 S.W.3d at 288. In that case, the parties' contractual agreement expressly stated that Appellee was an independent contractor and there was no employer-employee relationship,

partnership, or joint venture type of relationship. *Id.* at 285-86. Neither of these cases involved circumstances or facts similar to the facts in this case.

"As with any statute, courts must apply the TCPA 'as written' and 'refrain from rewriting text that lawmakers chose.'" *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133 (Tex. 2019) (quoting *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 443 (Tex. 2009)). "This means enforcing 'the plain meaning of the text unless a different meaning is supplied by statutory definition, is apparent from the context, or the plain meaning would lead to an absurd or nonsensical result.'" *Id.* (quoting *Beeman v. Livingston*, 468 S.W.3d 534, 538 (Tex. 2015)). "The TCPA 'assigns detailed definitions to many of the terms it employs, and we must adhere to statutory definitions.'" *Id.* (quoting *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018)). "This 'text-based approach to statutory construction requires us to study the language of the specific provision at issue, within the context of the statute as a whole, endeavoring to give effect to every word, clause, and sentence.'" *Id.* (quoting *Ritchie v. Rupe*, 443 S.W.3d 856, 867 (Tex. 2014)).

We agree with the Sweeneys that the exemption outlined in section 27.010(a)(5) is not applicable here. Section 27.010(a)(5)(B) provides an exemption for an "independent contractor" "seek[ing] to enforce a non-disparagement agreement." Tex. Civ. Prac. & Rem. Code Ann. § 27.010(a)(5)(B). By its plain

29

meaning, the exemption is meant to protect an independent contractor and there is no indication from the language used by the legislature that it applies where a contractor provides construction services to a homeowner, much less where that same contractor then later enters into a settlement agreement with the homeowner with a non-disparagement provision. Accordingly, we conclude that the trial court did not err in rejecting GCP's argument that its claims are exempt from the TCPA under section 27.010(a)(5)(B). Accordingly, we overrule issue two.

Did Appellant Provide Prima Facie Evidence of Each Element of Its Claims and Did the Sweeneys Show a Meritorious Defense?

In issue three, GCP argues that it "provided prima facie evidence of each element of its causes of action," and the Sweeneys did not establish a meritorious defense as a matter of law. Having concluded that the TCPA applies to GCP's legal action against the Sweeneys, we must decide whether GCP met its burden to establish a prima facie case for each essential element of its causes of action by clear and specific evidence. *See In re Lipsky*, 460 S.W.3d at 587; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). The TCPA's undefined terms "clear" and "specific" have been interpreted according to their plain meaning as, for the former, "'unambiguous,' 'sure,' or 'free from doubt'" and, for the latter, "'explicit' or 'relating to a particular named thing.'" *In re Lipsky*, 460 S.W.3d at 590 (quoting *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 689 (Tex. App.—Houston [1st Dist.] 2013, pet. denied)).

30

In its opening brief on appeal, GCP failed to discuss the elements of its declaratory judgment claim or present any prima facie evidence as to those elements. Although GCP argued in its Response to the TCPA Motion to Dismiss that it provided prima facie evidence of each element of its declaratory judgment claim, and GCP reiterated this argument in its reply brief on appeal, GCP did not raise the argument in its opening brief on appeal. Accordingly, GCP waived this argument on appeal. *See* Tex. R. App. P. 38.1(f), (i) (appellant's brief "must state concisely all issues or points presented for review" and "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record[]"); *Marshall v. Marshall*, Nos. 14-18-00094-CV & 14-18-00095-CV, 2021 Tex. App. LEXIS 423, at *19 n.5 (Tex. App.—Houston [14th Dist.] Jan. 21, 2021, pet. denied) (mem. op.) (in TCPA case, appellant waived argument that was presented in motion to dismiss and reiterated in reply brief on appeal but was not raised in opening brief on appeal) (citing *Zamarron v. Shinko Wire Co.*, 125 S.W.3d 132, 139 (Tex. App.—Houston [14th Dist.] 2003, pet. denied)).

GCP argues that it met its burden to provide prima facie evidence of the elements of its breach of contract claim. The essential elements of breach of contract cause of action are: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and

31

(4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018) (citations omitted). In its First Amended Petition, GCP pleaded that "[a]s a result of the breach of the Agreement, Plaintiff has sustained damages to its reputation and loss of business in an amount to be proven at trial." On appeal, however, GCP does not argue that it sustained damages to its reputation and loss of business as a result of the alleged breach of the Agreement and, therefore, it has waived that argument. *See* Tex. R. App. P. 38.1(f), (i). Even if it had not waived the argument, GCP's allegation of damages is conclusory and lacks any "clear and specific evidence" of particularized harm. *See Gage*, 2023 Tex. App. LEXIS 6039, at **28-29 (citing *In re Lipsky*, 460 S.W.3d at 592-93) (explaining that general averment of economic losses failed to satisfy TCPA's minimum requirements); *Gensetix, Inc. v. Baylor Coll. of Med.*, 616 S.W.3d 630, 647 (Tex. App.—Houston [14th Dist.] 2020, pet. dism'd) (same)).

On appeal, GCP argues that because the Sweeneys' breached the settlement agreement, GCP sustained damages of $16,850, which GCP claims represents the "benefit of the bargain" of the settlement because "by breaching the Agreement and making disparaging comments, [the Sweeneys] deprived [GCP] of the benefit of the bargain, which was the release of its underlying claim for $16,850." Yet the Agreement does not include a liquidated damages provision in which the parties agreed to a damages amount that would apply should a party breach the terms of the

32

confidentiality agreement. Thus, under the Agreement and in the event of a breach, GCP was required to present evidence to establish how much business it lost based on any alleged breach. Importantly, when GCP was in the trial court, it did not plead that its revenues or profits were damaged by the statements it alleged the Sweeneys made about it; instead, GCP treated the $16,850 as a liquidated damages provision in the release when, as a matter of law, it is not.[10]

On appeal, the Sweeneys argue that GCP did not argue that it was entitled to recover $16,850 in damages as a benefit of the bargain of its settlement and for that reason the argument was waived. In response, GCP argues that that it did not waive the argument because in its Reply to the Defendants' Response to Plaintiff's Motion to Consolidate it pleaded: "Sweeney artfully avoids Plaintiff's claim that Sweeney breached the Settlement Agreement and Mutual Release, or that the damages under that breached the Settlement Agreement are Sixteen Thousand Eight Hundred Fifty and 00/100ths Dollars ($16,850.00), the disputed amount released by Plaintiff under the Settlement Agreement[.]"

In the trial court, the Sweeneys' TCPA Motion to Dismiss specifically asserted, among other things, that GCP failed to provide prima facie evidence that it had been damaged based on GCP's claim for breach of contract. We note that in

---

[10] *Phillips v. Phillips*, 820 S.W.2d 785, 788 (Tex. 1991) ("Whether a contractual provision is an enforceable liquidated damages provision or an unenforceable penalty is a question of law for the court to decide.").

GCP's Response to the Sweeneys' TCPA Motion to Dismiss and Sur-reply to the Sweeneys' Reply to GCP's Response, GCP did not point to any evidence of its damages, and as stated above, the parties didn't include a liquidated damages provision in their settlement agreement that was to apply should one of the parties breach the terms of the confidentiality agreement that they reached in settling the dispute. Because the settlement agreement doesn't include a liquidated damages provision and GCP presented no other evidence that it was damaged except for the Agreement, we conclude that GCP failed to meet its burden to provide clear and specific evidence of damages as to its breach of contract claim. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

As to its tortious interference claim against Katie that it nonsuited, GCP argues on appeal that "the Petition and the attachments thereto make it apparent that . . . Katie . . . knew about the agreement, and she was posting negative comments as a surrogate for her parents[,] . . [and that she] admitted her wrongdoing and apologized to Appellant." The elements of a claim for tortious interference with an existing contract are (1) an existing contract subject to interference, (2) a willful and intentional act of interference with the contract, (3) that proximately caused the plaintiff's injury, and (4) caused actual damages or loss. *Prudential Ins. Co. of Am. v. Fin. Rev. Servs., Inc.*, 29 S.W.3d 74, 77 (Tex. 2000). In its Original Petition, GCP asserted that, as a result of Katie's tortious interference, GCP "has sustained

34

damages in an amount to be proven at trial." GCP offered no clear and specific evidence as to any actual damages or losses sustained by GCP as a result of Katie's alleged interference with an existing contract.

GCP did not meet its burden to produce clear and specific evidence sufficient to establish a prima facie case for its breach of contract and tortious interference claims, so the burden did not shift back to the Sweeneys to establish their affirmative defenses. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c), (d); *Montelongo*, 622 S.W.3d at 296 (discussing TCPA's burden shifting). Accordingly, we need not address whether the Sweeneys established a meritorious defense as a matter of law. *See* Tex. R. App. P. 47.1. Issue three is overruled.

Cross-Appeal on Attorneys' Fees

On cross-appeal, the Sweeneys argue that the trial court erred in denying their Motion for Reconsideration of the Order Denying Attorney's Fees. In its September 18, 2023 Order granting the Sweeneys' TCPA Motion to Dismiss and denying their request for attorney's fees, the trial court concluded that the Sweeneys' attorney's fees affidavit was insufficient to support an attorney's fees award because the Sweeneys "failed to prove reasonableness and necessity of attorney's fees incurred in defending against the legal action; specifically, Defendants' affidavit provided generalities about hours spent and nature of attorney's work without evidence of time spent on specific tasks[.]" The Sweeneys argue on appeal that in their Motion

for Reconsideration of the Order Denying Attorney's Fees, they attached invoices to their attorney's fees affidavit which "rectified the deficiencies identified by the trial court" and which provided the trial court with sufficient evidence to calculate an award of attorney's fees. The Sweeneys contend that the trial court still retained plenary power to rule on the Motion for Reconsideration but denied it.

"[T]o secure an award of attorney's fees from an opponent, the prevailing party must prove that: (1) recovery of attorney's fees is legally authorized, and (2) the requested attorney's fees are reasonable and necessary for the legal representation, so that such an award will compensate the prevailing party generally for its losses resulting from the litigation process." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019). A successful motion to dismiss under the TCPA entitles the moving party to an award of court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action. *Sullivan v. Abraham*, 488 S.W.3d 294, 295 (Tex. 2016) (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)). The Texas Supreme Court has explained that "[a] reasonable [attorney's] fee is one that is not excessive or extreme, but rather moderate or fair." *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). The mere fact that a party and a lawyer contracted for or incurred a particular amount of attorney's fees does not conclusively prove that a fee paid by the lawyer's client is reasonable. *Rohrmoos*, 578 S.W.3d at 487-88. That said, when awarding attorney's

fees, the factfinder should exclude "[c]harges for duplicative, excessive, or inadequately documented work[.]" *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762 (Tex. 2012).

The Sweeneys contend that the evidence attached to their Motion for Reconsideration "cured the deficiencies" identified by the trial court when it denied their request for attorney's fees. "Statutes providing that a party . . . 'shall be awarded' . . . attorney fees are not discretionary." *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). However, a trial court does not abuse its discretion by failing to award fees—even statutorily mandated fees—when a party does not meet its evidentiary burden to demonstrate the reasonableness of the fees it seeks. *Carter v. Ball*, No. 04-19-00194-CV, 2019 Tex. App. LEXIS 8938, at **9-10 (Tex. App.—San Antonio Oct. 9, 2019, no pet.) (mem. op.) (citing *Dilston House Condo. Ass'n v. White*, 230 S.W.3d 714, 718-19 (Tex. App.—Houston [14th Dist.] 2007, no pet.)). A party seeking attorney's fees bears the burden to put forth evidence regarding its right to the award, as well as the reasonableness and necessity of the amount. *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 857 (Tex. App.—Austin 2018, pet. denied) (citing *Fawcett v. Grosu*, 498 S.W.3d 650, 666 (Tex. App.—Houston [14th Dist.] 2016, pet. denied)).

We review a trial court's denial of a motion for reconsideration for an abuse of discretion. *MRT, Inc. v. Vounckx*, 299 S.W.3d 500, 511-12 (Tex. App.—Dallas

2009, no pet.); *Macy v. Waste Mgmt.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). On this record, we cannot say the trial court abused its discretion in denying the Sweeneys' motion for reconsideration when it attached new evidence to the motion that could have been provided to the trial court before it initially ruled on the attorney's fees issue. *See, e.g., Bridgestone Lakes Cmty. Improvement Ass'n, Inc. v. Bridgestone Lakes Dev. Co.*, 489 S.W.3d 118, 125 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (A party is generally not entitled to rely on new evidence in a motion for rehearing, reconsideration, or new trial without showing that the evidence was newly discovered and could not have been discovered by the exercise of due diligence before the court ruled on the motion.). We also decline the Sweeneys' request to remand the attorney's fees issue to the trial court for further consideration. *See Carter*, 2019 Tex. App. LEXIS 8938, at **12-13 (citing *Estrello v. Elboar*, 965 S.W.2d 754, 759 (Tex. App.—Fort Worth 1998, no pet.) (refusing to remand attorney's fees issue where party entitled to statutorily mandated award "did not show diligence in attempting to produce the evidence in a timely fashion[]")). Appellees' issue on cross-appeal is overruled.

Conclusion

Having overruled Appellant's issues on appeal and Appellees' issue on cross-appeal, we affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON<br>Justice

Submitted on April 4, 2024
Opinion Delivered June 20, 2024

Before Horton, Johnson and Wright, JJ.

39